MANDATE

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

1:11-cv-03387-LAK

### AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand thirteen.

PRESENT:   JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
                    *Circuit Judges*,
           JOHN GLEESON,
                    *District Judge.*[*]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____42_____
DATE FILED: March 26, 2013

_____

JACOBY & MEYERS, LLP, on behalf of itself and all other similarly situated entities authorized to practice Law in the State of New York, JACOBY & MEYERS USA, LLC,
           *Plaintiffs-Appellants*,

           v.                                                   No. 12-1377-cv

THE PRESIDING JUSTICES OF THE FIRST, SECOND, THIRD AND FOURTH DEPARTMENTS, APPELLATE DIVISION OF THE SUPREME COURT OF THE STATE OF NEW YORK,
           *Defendants-Appellees.*[**]

_____

---

[*] The Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption in the case to conform to the caption listed above.

MANDATE ISSUED ON 03/26/2013

| | |
|---|---|
| FOR APPELLANT: | JAMES R. DENLEA (Jeffrey I. Carton, *on the brief*), Meiselman, Denlea, Packman, Carton & Eberz, White Plains, New York. |
| FOR APPELLEE: | WON S. SHIN, Assistant Solicitor General, *of counsel* (Barbara D. Underwood, Solicitor General, Steven C. Wu, Senior Counsel, and Michael Leo Pomeranz, Law Student Intern, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED to the district court with instructions to VACATE the judgment and grant appellants leave to amend their complaint.

Plaintiff-appellants Jacoby & Meyers, LLP and Jacoby & Meyers USA, LLC (collectively "Jacoby & Meyers" or "plaintiffs") brought this action against defendants-appellees, the Presiding Justices of the First, Second, Third, and Fourth Departments of the Appellate Division of the Supreme Court of the State of New York ("appellees"), contending that New York Rule of Professional Conduct 5.4 ("Rule 5.4"), which prohibits non-lawyer investment in law firms, unconstitutionally burdens various fundamental rights under the First and Fourteenth Amendments and violates the dormant Commerce Clause. The district court (Lewis A. Kaplan, *Judge*) dismissed the complaint for lack of subject-matter jurisdiction on the ground that plaintiffs lacked standing to challenge Rule 5.4. We assume the parties' familiarity with the facts and prior proceedings, which we reference only as necessary to explain our decision.

2

The district court held that plaintiffs' injury could not be redressed by invalidation of Rule 5.4 because other provisions of New York state law, the constitutionality of which plaintiffs specifically declined to challenge, independently and unambiguously prohibit non-lawyer investment in law firms and would continue to prohibit them from accepting non-lawyer equity investors even if Rule 5.4 were struck down. Specifically, appellees contend (and the district court agreed) that New York Judiciary Law § 495 and New York Limited Liability Company Law § 201 independently prohibit non-lawyer investment in law firms. The district court concluded that, in light of the multiple laws prohibiting plaintiffs' proposed conduct, any ruling it might issue regarding Rule 5.4 would be merely advisory. Plaintiffs, relying on Cooper v. Aaron, 358 U.S. 1 (1958), argue that any order invalidating Rule 5.4 would bind all other New York state officials and therefore effectively preclude enforcement of Judiciary Law § 495 or LLC Law § 201.

In light of the positions taken by the parties at oral argument, however, we need not decide the interesting theoretical issues about standing and the nature of federal court judgments that the parties debate in their briefs. At oral argument, Jacoby & Meyers confirmed that it had declined to challenge the other provisions of New York state law out of a concern that the district court, relying on uncertainty about the meaning of state law, would abstain from deciding the case pursuant to Railroad Commission v. Pullman Co., 312 U.S. 496 (1941). Appellees, however, argued in their brief and at oral argument that the alternative provisions of New York law unambiguously prohibit non-lawyer investment in law firms. Because appellees have taken that position in an effort to persuade this Court to

3

endorse their position on standing, they (and the New York Attorney General, who would represent any state officers named as defendants in a challenge to the other relevant provisions of state law) would be judicially estopped from arguing to the district court that the relevant provisions of state law are sufficiently unclear to warrant Pullman abstention, because arguing that the state laws are clear is plainly inconsistent with arguing that they are unclear.  See DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 103 (2d Cir. 2010) (explaining that judicial estoppel applies if party's later position is clearly inconsistent with its earlier position, the earlier position is adopted in some way in a prior judicial proceeding, and the party asserting the inconsistent positions would gain an unfair advantage as a result).  In light of those developments, Jacoby & Meyers agreed that it had no objection to an order remanding the case to the district court so that it could amend its complaint to challenge the other provisions of New York law as well.

    Given these developments, we see no reason not to remand the case back to the district court, in order to permit the plaintiffs to amend their complaint to name additional state defendants and challenge the other provisions of New York law that prohibit non-lawyer investment in law firms.  Because the district court and appellees agree that Judiciary Law § 495 and LLC Law § 201, as authoritatively interpreted by the state courts, unambiguously prohibit non-lawyer investment in law firms, Pullman abstention is unnecessary, and the district court can proceed to adjudicate the parties' dispute as to whether those statutes, and Rule 5.4, are constitutional.

Accordingly, we REMAND the case to the district court with instructions to VACATE the judgment and grant appellants leave to amend their complaint.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5