UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JACOBY & MEYERS, LLP and JACOBY & MEYERS
USA, LLC,

                            Plaintiffs,


                    -against-                                    11 Civ. 3387 (LAK)


THE PRESIDING JUSTICES OF THE FIRST, SECOND,
THIRD AND FOURTH DEPARTMENTS, APPELLATE
DIVISION OF THE SUPREME COURT OF THE STATE
OF NEW YORK,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/2015


## ORDER


LEWIS A. KAPLAN, *District Judge.*

                    This action is before the Court on defendants' motion to dismiss the Second
Amended Complaint (the "SAC"). The Court now has determined that the action, insofar as it is
brought on behalf of one plaintiff, is moot, and that there is a substantial question as to whether the
action can proceed absent that former plaintiff's successor in interest.


                            *Background*

                    Lawyers in the United States are not now permitted to obtain equity investments in
their practices from non-lawyers, which precludes them from, among other things, selling stock in
their practices to the public. The law firm of Jacoby & Meyers, LLP ("J&M")[1] commenced this
action to seek a declaration that Rule 5.4 of the Model Code of Professional Conduct, as adopted
in New York, which is among the New York laws and regulations that embody that principle, is

---

[1]      The original complaint in this action identified the plaintiff as Jacoby & Meyers Law
         Offices, LLP. According to an official record of the New York Department of State, the firm
         was organized under that name but changed its name in 2000 to Jacoby & Meyers, LLP. The
         caption was amended accordingly. DI 19.

unconstitutional.[2]

*The Amended Complaint*

Defendants promptly moved to dismiss the initial complaint on the ground, among others, that J&M lacked standing.  J&M then amended its complaint to solve a perceived standing problem[3] by adding Jacoby & Meyers USA, LLC ("J&M LLC") as a plaintiff.  It alleged that J&M LLC recently had been "created . . . for the express purpose of allowing non-lawyers to 'own an interest' in the entity through which Jacoby & Meyers [defined in the amended complaint as J&M and J&M LLC collectively] is authorized to practice law for profit."[4]

Defendants moved to dismiss the amended complaint on the ground, among others, that plaintiffs lacked Article III standing because their failure to challenge any of a host of provisions of New York law would have left them unable to allow non-lawyers to own equity in their legal practice regardless of whether they obtained the relief they sought with respect to Rule 5.4 of the Model Code of Professional Conduct.  In other words, defendants argued, J&M and J&M LLC each lacked standing because any injury complained of would not have been redressed even by a favorable outcome.

At oral argument, the Court specifically questioned the plaintiffs concerning the defendants' redressability argument.  It confirmed that plaintiffs had challenged only Rule 5.4 and none of the other provisions of New York law that the defendants contended independently precluded plaintiffs from doing what they wished.  Accordingly, the Court granted defendants' motion to dismiss on the ground that plaintiffs lacked standing.[5]

*The Appeal and the Remand*

Plaintiffs appealed.  When asked by the Court of Appeals, they indicated that they would amend their complaint to challenge other provisions of New York law if the case were

---

[2]     Amended Complaint ("AC") ¶¶ 52-80.  The original complaint included various state law and other claims that were not included in the amended complaint.  DI 1.

[3]     *See* Tr. [DI 21] at 25-28.

[4]     AC ¶ 14.

[5]     *Jacoby & Meyers, LLP v. Presiding Justices of First, Second, Third and Fourth Dep'ts, Appellate Div. of Supreme Court of N.Y.*, 847 F. Supp. 2d 590 (S.D.N.Y. 2012), *vacated and remanded*, 488 F. App'x 526 (2d Cir. Nov. 21, 2012) (amended January 9, 2013).

remanded.  Accordingly, the Court of Appeals vacated the prior decision and remanded "in order to permit the plaintiffs to amend their complaint to name additional state defendants and challenge the other provisions of New York law that prohibit non-lawyer investment in law firms."[6]

*The Second Amended Complaint and the Motion to Dismiss*

On remand, plaintiffs filed their SAC.  This time, they challenged the constitutionality of a host of provisions of New York law as well as Rule 5.4.  Defendants again moved to dismiss, both on the merits of plaintiffs' constitutional challenges and for lack of standing, among other reasons.  They argue in part that J&M LLC – the entity to which J&M proposes to transfer its assets, that allegedly would take in non-lawyer equity investors, and that supposedly would conduct the legal practice – would be prohibited from operating as plaintiffs proposed because Section 201 of the New York Limited Liability Company Law and Section 495 of the New York Judiciary Law prohibit limited liability companies from practicing law *regardless of who their investors are.*  Nor, defendants argue, do plaintiffs assert any colorable claim that a limited liability company has a constitutional right to engage in the practice of law.

Defendants' motion to dismiss the SAC was filed on August 9, 2013.  Apparently recognizing that J&M LLC's position was vulnerable for the reason to which reference was just made, plaintiffs organized yet another entity on August 27, 2013 – Jacoby & Meyers USA II PLLC ("J&M PLLC"),[7] presumably on the theory that it would not run afoul of Section 201 of the Limited Liability Company Law or Section 495 of the Judiciary Law if it sought to practice law.  The following day, J&M LLC merged into J&M PLLC.[8]  J&M PLLC was the surviving entity.[9]  Accordingly, J&M LLC no longer exists.  Moreover, plaintiffs' – *i.e.*, J&M and the no-longer extant J&M LLC – memorandum in opposition to the defendants' motion to dismiss relies heavily on claims that appear to be asserted by J&M PLLC, which is not a party to the action and did not even exist when the defendants filed their motion to dismiss.

In these circumstances, there quite plainly is a question – not yet addressed by any party – whether the action should be dismissed for failure to join J&M PLLC, which is a matter that

---

[6]

    *Jacoby & Meyers, LLP v. Presiding Justices of First, Second, Third and Fourth Dep'ts, Appellate Div. of Supreme Court of N.Y.*, 488 F. App'x 526 (2d Cir. Nov. 21, 2012) (amended summary order filed January 9, 2013).

[7]

    Decl. of D. Greg Blankinship [DI 118], Ex. 1.

[8]

    *Id.*

[9]

    *Id.*

this Court may, indeed probably should, raise *sua sponte*.[10]  The raising of the question could result either in an application to amend the complaint yet again, which could lead to yet another motion to dismiss, or in the dismissal of the action for lack of a required party.  Moreover, the action quite clearly is moot as to J&M LLC.  In any case, there is little point in determining the pending motion now, as one plaintiff no longer exists and the addition of a new and different plaintiff could result in material changes in the posture of the case.

Accordingly,

1.      This action, only insofar as it is brought on behalf of plaintiff Jacoby & Meyers USA, LLC,  is dismissed on the ground that it is moot.

2.      Defendants' motion to dismiss the SAC [DI 115] is denied.  This denial is on the ground that the motion is moot insofar as it seeks dismissal as to plaintiff Jacoby & Meyers USA, LLC.  It is without prejudice to renewal insofar as it seeks dismissal as to plaintiff Jacoby & Meyers, LLP.  The motion may be renewed on appropriate notice after the filing of a third amended complaint adding Jacoby & Meyers USA II PLLC as a plaintiff if leave to file such a pleading is sought and granted and such a pleading filed or, if for any reason leave is not granted or no such pleading is timely filed, after leave is denied or the time within which to file such a pleading expires.

3.      Any motion for leave to amend or otherwise to add Jacoby & Meyers USA II PLLC as a plaintiff shall be filed no later than March 16, 2015.  In the event no effort is made to add that entity as a plaintiff by that date, Jacoby & Meyers, LLP, no later than that date, shall SHOW CAUSE why this action should not be dismissed pursuant to Fed. R. Civ. P. 19 for failure to join Jacoby & Meyers USA II PLLC.

SO ORDERED.

Dated:       March 2, 2015

_____
Lewis A. Kaplan
United States District Judge

---

10      *See, e.g.*, *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382-83 (2d Cir. 2006); 4 MOORE'S FEDERAL PRACTICE § 19.02[4][a] (3d ed. 2014).